UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER LEE LOCKE,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-210-JD-MGG

ST. JOSEPH COUNTY, PEPPERS, and
JOHNSON,

    Defendants.

OPINION AND ORDER

Christopher Lee Locke, a prisoner without a lawyer, filed a complaint about an attack by his cellmate at the St. Joseph County Jail, where he was detained awaiting trial on criminal charges. ECF 1. He then filed an amended complaint, which is now the operative complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Locke alleges that when he entered the St. Joseph County Jail, Sergeant Peppers was in charge of the classification of inmates. Locke says he was placed with a dangerous cellmate, who takes psych meds and is facing murder, weapons, and drug

charges. Soon after Locke was placed in that cell, his cellmate attacked him, made him lose consciousness, and injured his head and neck. He still suffers from migraines and shoulder pain.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees).

In the Eighth Amendment context, a plaintiff bringing a failure-to-protect claim must allege that "(1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quotation marks omitted). In adapting this to the Fourteenth Amendment context, the subjective deliberate-indifference

2

standard is replaced by an objective unreasonableness standard. And therefore, a plaintiff must allege that (1) a defendant's intentional, purposeful, or perhaps reckless act or omission placed plaintiff in substantial risk of serious harm, and (2) the act or omission was objectively unreasonable. The Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. These risks include "risks attributable to detainees with known propensities of violence toward a particular individual or class of individuals; to highly probable attacks; and to particular detainees who pose a heightened risk of assault to the plaintiff." *Id.* (quotation marks omitted). Reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

The complaint states a failure-to-protect claim against Peppers. It is reasonable to infer that Peppers made an intentional decision to place Locke in that particular cell. Locke has also plausibly alleged that the cell assignment was objectively unreasonable because of the dangerousness of his cellmate.

Locke further alleges that after the attack, Sergeant Johnson conducted an investigation but refused to give him a copy of the report. This does not state a claim upon which relief may be granted. Inmates have no general right to have constitutional violations investigated after the fact. *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). At the time of an investigation, the alleged violation

3

has already occurred. "[T]he alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Finally, Locke names St. Joseph County as a defendant but does not mention the county in the body of the complaint. To hold a county liable under § 1983, the plaintiff's injury must be caused by an unconstitutional policy or practice attributable to the county. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). The complaint does not suggest the issues Locke experienced are part of an ongoing practice of misclassifications.

For these reasons, the court:

(1) GRANTS Christopher Lee Locke leave to proceed against Sergeant Peppers in his individual capacity for compensatory and punitive damages for unreasonably assigning him to a cell with a dangerous cellmate in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES St. Joseph County and Sergeant Johnson;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Peppers at the St. Joseph County Jail, with a copy of this order and the complaint (ECF 6), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the St. Joseph County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Peppers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT