UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER LEE LOCKE,

    Plaintiff,

        v.                      CAUSE NO. 3:21-CV-210-JD

PEPPERS,

    Defendant.

OPINION AND ORDER

Christopher Lee Locke, a prisoner without a lawyer, is proceeding in this case "against Sergeant Peppers in his individual capacity for compensatory and punitive damages for unreasonably assigning him to a cell with a dangerous cellmate (Avion Sexton) in violation of the Fourteenth Amendment[.]" ECF 19 at 4. On March 15, 2022, Sergeant Peppers filed a motion for summary judgment, arguing he was not personally involved in the cell assignment decision. ECF 56. With the motion, Sergeant Peppers provided Locke the notice required by N.D. Ind. L.R. 56-1(f). ECF 59. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. Locke moved several times for an extension of time to obtain counsel or otherwise respond, and the last extension passed on August

22, 2022, with no response from Locke. ECF 70. Over nine months have now passed without a response to the motion for summary judgment. Therefore, the court will now rule on Sergeant Peppers' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

"Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 494 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.")). Specifically, a pretrial detainee states a failure to protect claim when he alleges:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 496 (emphasis omitted) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)). Here, Peppers argues that Locke cannot prove the first element because he had no involvement in placing Locke with his cellmate.

Peppers provides an affidavit from Russell Olmstead, the Warden at St. Joseph County Jail, who attests to the following based on a review of the records:[1] He was the assistant warden of the St. Joseph County Jail in 2020 through February 10, 2021, the time period relevant to Plaintiff's action. ECF 57-1 at 1. The jail utilizes a jail inmate classification system called Guardian to objectively determine the classification level of an inmate based on a number of factors. *Id.* at 2. The factors include but are not limited to the severity of current charges or convictions; the severity of any felony convictions in the past 10 years; the severity of an inmate's institutional behavior history for the past 10 years; any escape history; the number of disciplinary reports; any prior DOC time served; an inmate's age; and any severe disciplinary convictions. *Id.* Officers then have discretionary authority to either increase or decrease the recommended custody

---

[1] Because Locke has not responded to Peppers' summary judgment motion, the court accepts these attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

level. *Id.* Finally, the officer must determine if there are any special housing factors that would require a placement in a special unit like medical or protective custody. *Id.*

On May 20, 2020, Locke was booked into the St Joseph County Jail and was classified into medium security placement in the general population. ECF 57-1 at 2. On October 6, 2020, Locke's classification was reviewed and lowered to minimum security. *Id.* at 3. Locke was placed in cell B-311. *Id.* Peppers reviewed and approved of the decision to classify Locke as minimum security. *Id.*

On January 13, 2021, Avian Sexton was booked into the St. Joseph County Jail and classified by Deputy Kowalski. ECF 57-1 at 3. Sexton's classification met the objective standard for minimum security in general population, and, as such, he was placed in cell B-311 on January 20, 2021. *Id.* Peppers was not involved in the classification of Sexton or the placement of Sexton into cell B-311. *Id.*

Peppers also submitted an affidavit that, as a supervisor, he reviews and approves discretionary modifications to classification decisions. ECF 57-2 at 1. Thus, he reviewed and approved the decision to lower Locke's classification from medium security to minimum security. *Id.* at 2. But he had no involvement in the later classification or placement of Sexton. *Id.* at 3.

Here, Peppers has undisputed evidence that he was not involved in the placement of Sexton. While Locke has acknowledged and disputed this representation, ECF 67 at 1, he has provided no evidence to the contrary. Personal involvement in an alleged constitutional violation is necessary to support a valid claim. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (personal involvement is necessary for

4

individual liability under 42 U.S.C. § 1983). Nor can he be held responsible based solely on the actions of those he supervises. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). This means that no reasonable jury could find that Peppers violated Locke's rights under the Fourteenth Amendment.

For these reasons, the court:

(1) GRANTS Peppers' summary judgment motion (ECF 56); and

(2) DIRECTS the clerk to enter judgment in favor of Sergeant Peppers and against Christopher Locke and to close this case.

SO ORDERED on November 22, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT